# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **Jordan S. Kushner,** | Civil No. 16-CV-2646 (SRN/SER) |
| **Plaintiff,** | **MEMORANDUM OPINION AND ORDER** |
| v. | |
| **Lieutenant Troy Buhta, Officer Ashlee Lange, Officer Kathleen Temple, Sergeant Kristin Tyra, Linda Lokensgard, Eric W. Kaler,** | |
| **Defendants**. | |

Jordan S. Kushner and Peter J. Nickitas, Law Office of Jordan S. Kushner, 431 South Seventh Street, Suite 2446, Minneapolis, Minnesota 55415, for Plaintiff.

Daniel J. Herber and Timothy J. Pramas, Office of the General Counsel, University of Minnesota, 360 McNamara Alumni Center, 200 Oak Street Southeast Minneapolis, Minnesota 55455, for Defendant.

George H. Norris, Minneapolis City Attorney, City Attorney's Office, 350 South Fifth Street, Suite 210, Minneapolis, Minnesota 55415, for Third-Party City of Minneapolis

_____

SUSAN RICHARD NELSON, United States District Court Judge

Before the Court is the Objection [Doc. No. 98] filed by Third-Party City of Minneapolis ("the City") to Magistrate Judge Steven E. Rau's July 17, 2017 Amended Text-Only Order ("the Order") [Doc. No. 97]. In the Order, the magistrate judge granted in part and denied in part Plaintiff Jordan S. Kushner's Motion to Compel Compliance

with a Subpoena Duces Tecum [Doc. No. 45]. The City objects to the portion of the ruling that granted Plaintiff's motion. (See City's Obj. at 11.) Based on the Court's review of the parties' arguments and the record, the Court overrules the City's Objection in part and sustains the Objection in part, and affirms the Order, as modified.

## I.      BACKGROUND

In this civil rights lawsuit, Kushner alleges that Defendants, employees of the University of Minnesota ("the University"), violated his constitutional rights under the First, Fourth, and Fourteenth Amendments. (See Compl. ¶¶ 99–106 [Doc. No. 1].) He asserts that on November 3, 2015, while attending a lecture at the University's Law School, he used his cell phone to record speeches made by protestors, whose subsequent removal from the event by Defendants he also recorded. (Id. ¶¶ 25–26; 33; 43.) Kushner alleges that Defendants demanded that he stop video recording, leave the hall, and relinquish his phone. (Id. ¶¶ 44–54.) While in the process of voluntarily complying, Kushner asserts, Defendants pulled and grabbed him, using additional physical force prior to handcuffing him. (Id. ¶¶ 58–68.) Kushner further alleges that before being booked into the Hennepin County Jail, Defendant Tyra issued Kushner a "Trespass Warning," prohibiting him from entering any buildings on the University's West Bank Campus for one year from the date of the incident, with no mechanism for administrative appeal. (Id. ¶ 69.)

Kushner asserts that he was jailed and falsely charged by the City with trespass, disorderly conduct, and obstruction of the legal process. (Id. ¶ 77.) Approximately five months after the November 3, 2015 event, the City ultimately dismissed the charges against him. (Id. ¶ 86.) Even so, Kushner alleges, the Trespass Warning remained in effect. (Id. ¶ 89.)

In August 2016, Kushner filed this civil-rights lawsuit against the University under 28 U.S.C. § 1983, alleging federal violations implicating free speech and assembly, seizure and arrest, excessive force, equal protection, due process, and conspiracy, as well as state common law claims of false imprisonment, assault, battery, defamation, malicious prosecution, and negligence. (See id. ¶¶ 99–112.)

During the discovery period, Kushner served a subpoena duces tecum on the City, seeking seven categories of information.[1] Kushner contends that the City's attempted prosecution of him "is a significant aspect of the damages resulting from Defendants' wrongful arrest and initiation of criminal proceedings." (Kushner Decl. ¶ 4.) In addition,

---

[1] Kushner's subpoena requests: (1) documents relating to the City's criminal prosecution of him, not previously disclosed during the criminal proceedings, including police reports, statements, documents and photographs related to the case, and testing data; (2) documents regarding witnesses interviewed or identified by the City; (3) all information forming the "case file" in the City's criminal prosecution of Kushner; (4) all documents regarding Kushner that were prepared or received by Sarah Elizabeth Becker, Mary Ellen Heng, David Bernstein, Susan Segal, or Kathy Rygh on or after November 3, 2015; (5) copies of all recorded broadcasts from the University's police department to City dispatch concerning Kushner on November 3, 2015; and (7) copies of any record indicating that Kushner is a subject of confidential data in the possession of the City. (Subpoena at 2, Ex. 1 to Kushner Decl. [Doc. No. 46-1].)

Kushner believes that the City's documents may also contain relevant statements and information concerning the prosecution's motivations or considerations with respect to the criminal charges. (Pl.'s Mem. Supp. Mot. to Compel at 4 [Doc. No. 47].) He considers the requested information relevant to his lawsuit against the University and asserts that he is otherwise unable to obtain the information. (Kushner Decl. ¶ 5.)

In response to the subpoena, the City contends that it initially produced nearly 600 pages of material. (City's Mem. in Opp'n to Pl.'s Mot. to Compel at 1 [Doc. No. 54].) The City also provided a 14-page privilege log, created in January, identifying withheld documents for which it claimed work product protection. (See Jan. Priv. Log, Ex. 2 to Kushner Decl. [Doc. No. 46-2].) Information in the log was limited to the "Id. Number" assigned to each document, the type of privilege asserted ("Work-Product" is listed for all of the documents), the date of the document, and the name of the sender and recipient(s). (See id.) The January log did not otherwise describe any of the documents, nor did it distinguish between the type of work product. (See id.) Kushner states that the withheld documents are primarily emails or other documents sent within the City Attorney's Office. (Pl.'s Mem. Supp. Mot. to Compel at 4.)

Following oral argument on Kushner's underlying Motion to Compel on April 27, 2017, Magistrate Judge Rau issued a text-only order requiring the City to provide a revised privilege log. (Apr. 28, 2017 Text-Only Order [Doc. No. 63].) Subsequently, the City provided a revised log dated May 25, 2017 [Doc. No. 75], after which both parties submitted supplemental letter briefs [Doc. Nos. 83 & 84]. On June 15, 2017, the City

4

provided yet another revised privilege log [Doc. No. 83-2].[2]  On June 30, 2017, Magistrate Judge Rau ordered that the City provide certain withheld documents, identified by number, for *in camera* review.  (June 30, 2017 Text-Only Order [Doc. No. 92]).

In an amended text-only order on July 17, 2017–the Order on appeal here–Magistrate Judge Rau granted in part and denied in part Kushner's Motion to Compel.  (July 17, 2017 Text-Only Order.)  He found that the City had not met its burden to establish a privilege that precluded the production of Documents 6, 62, 71, 106, 181, 266, 303, 310, 365, 427, 451, 453, 544, 582, 589, 652, 681, 712, 777-779, 796, 837, 845, 851, 1146, and 1159.  (Id.)  He therefore ordered the production of these documents within seven days.  (Id.)  However, Magistrate Judge Rau also determined that the City had met its burden and properly invoked the work product protection with respect to 20 other documents.  (Id.)  He thus granted the City's motion in part as to these documents. (Id.)

The City filed its Objections on July 21, 2017.  It argues that the magistrate judge's ruling is contrary to law, as the emails and text messages in question "are documents prepared as part of the Kushner criminal prosecution by the City Attorney's Office or in anticipation of the current litigation."  (City's Obj. at 7.)  As such, the City argues that the documents are "work product under the case law and the plain language of Federal Rule of Civil Procedure 26."  (Id. at 5–6.)  It contends that Magistrate Judge Rau

---

[2] All further references to "the Privilege Log" refer to the June 15, 2017 version.

applied the wrong legal standard by not considering whether Kushner had articulated a substantial need for the discovery and the inability to obtain the substantial equivalent of the materials elsewhere.  (Id. at 2; 9.)   In response, Kushner opposes the City's Objection and requests that the Court affirm the magistrate judge's decision.  (See Pl.'s Resp. to City's Obj. at 8–9 [Doc. No. 108].)

## II. DISCUSSION

### A. Standard of Review

A district court's review of a magistrate judge's order on a nondispositive matter, such as the underlying motion, is "extremely deferential."  Reko v. Creative Promotions, Inc., 70 F. Supp.2d 1005, 1007 (D. Minn. 1999); see also United States v. Raddatz, 447 U.S. 667, 673 (1980).  The Court will reverse such a ruling only if it is clearly erroneous or contrary to law.  See 28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2(a).

### B. The Work Product Doctrine

The work product doctrine "is designed to promote the operation of the adversary system by ensuring that a party cannot obtain materials that his opponent has prepared in anticipation of litigation."  Pittman v. Frazer, 129 F.3d 983, 988 (8th Cir. 1997).  This doctrine is embodied in the Federal Rules of Civil Procedure as follows:

> (A)   Documents and Tangible Things.  Ordinarily, a party may not discover documents and tangible things that are *prepared in anticipation of litigation* or for trial *by or for another party or its representative* (*including the other party's attorney*, consultant, surety, indemnitor, insurer, *or agent*).  But, subject to Rule 26(b)(4), those materials may be discovered if:

>>  (i) they are otherwise discoverable under Rule 26(b)(1); and
>>
>>  (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.
>
> (B) Protection Against Disclosure. If the court orders discovery of those materials, *it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation*.

Fed. R. Civ. P. 26(b)(3)(A)–(B) (emphasis added).

As a logical corollary under Rule 26, documents and tangible things that are <u>not</u> prepared in anticipation of litigation are not protected work product. This includes documents assembled in the ordinary course of business or for other nonlitigation purposes. See <u>Petersen v. Douglas Cnty. Bank & Trust Co.</u>, 967 F.2d 1186, 1189 (8th Cir. 1992). "Because the work product doctrine is intended only to guard against divulging the attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts contained within work product." <u>Resolution Trust Corp. v. Dabney</u>, 73 F.3d 262, 266 (10th Cir. 1995). The party asserting work product protection bears the burden of demonstrating that the information is covered by the doctrine. <u>PepsiCo, Inc. v. Baird, Kurtz & Dobson LLP</u>, 305 F.3d 813, 817 (8th Cir. 2002).

While the City argues that the magistrate judge applied the wrong legal standard by failing to address whether Kushner demonstrated a substantial need for the discovery

and an inability to obtain it elsewhere, (City's Obj. at 9), the Court disagrees. Rather, the magistrate judge properly undertook the predicate step of determining whether the documents in question were, in fact, attorney work product. See PepsiCo, Inc., 305 F.3d at 817. As noted, the City bore the burden of establishing that the documents contained protected work product. See id. A written opinion would have likely offered a fuller explanation, but in Magistrate Judge Rau's July 17, 2017 Text-Only Order, he clearly stated that the City failed to meet its burden. (July 17, 2017 Text-Only Order.) If the City had met its burden, then the Court would have been required to examine whether, as to ordinary work product, Kushner had demonstrated a substantial need for the information and the inability to obtain it elsewhere. See Baker v. Gen. Motors Corp., 209 F.3d 1051, 1054 (8th Cir. 2000). Because the City did not meet its threshold burden of establishing work product, the magistrate judge was not required to conduct further analysis. The Court therefore finds no error in the magistrate judge's application of the legal standard and overrules the City's objection on this basis.

The City also appears to object to the magistrate judge's requirement that it submit the contested documents for the Court's *in camera* review. The City argues that "the privilege log provides the necessary context to make the determination that communications are work product." (City's Obj. at 8.) As one of two examples of the sufficiency of its Privilege Log entries, the City quotes its description of Document 796, which states, "Email from Mary Ellen Heng, Esq. to Sarah Becker, Esq. regarding case developments in Kushner criminal prosecution." (Id.) The City also cites its description

8

of Document 6 as sufficiently indicative of work product: "Email between Sarah Becker, Esq. and Attorney's Office File [R]oom regarding Kushner criminal prosecution file." (Id. at 9.)

These general descriptions, however, fail to independently support a claim of work product protection. The magistrate judge did not err in requiring *in camera* review. Moreover, upon review, the claimed protection is belied by the documents' contents. Using the City's own two examples, the "case developments" (see June 15, 2017 Priv. Log at 3) discussed in Document 796 do not concern counsels' legal work on the case, nor are they reflective of attorney strategy or theory. Rather, counsel provide their personal reactions to a news article about the criminal case. (See Doc. 796-1.) Many of the other withheld documents contain similar personal comments about Kushner, as well as attorneys' personal reactions to: (1) forwarded press coverage about the criminal case, (see Docs. 181; 427; 681; 796; 845); (2) forwarded website posts/blogs, (see Docs. 303; 310; 365; 451; 652); and (3) inquiries from the press (see Docs. 71; 451; 582; 589; 778; 851). These personal opinions–describing Kushner as "a liberal freak," (Doc. 181), "malicious" and 'egotistical' (Doc. 451), and personal reactions expressing frustration with the press coverage, (see, e.g., Doc. 427)– while perhaps embarrassing and ill-considered, simply do not reflect legal strategies and opinions about the City's case. They are not protected work product.

And the City's other example of self-evident work product, found in the Privilege Log's description of Document 6, does not, on its own, suggest that the document is

9

protected by the doctrine. As the Privilege Log indicates, the document is from Becker to the Attorney's Office File Room. (June 15, 2017 Priv. Log at 16.) When examined, however, this document simply contains a request from an attorney to pull Kushner's then-closed criminal file from storage. (See Doc. 6-1.) Similarly, a follow-up email, Document 266, acknowledges the receipt of the file. (See 266-1.) This sort of nonlitigation, factual communication is not entitled to work product protection. See Petersen, 967 F.2d at 1189. Likewise, Documents 106, 777, and 837 are emails that merely forward a copy of the Complaint in the instant action and/or indicate its receipt. (See Doc. Nos. 106-1; 777-1; 837-1.) The Court finds that such transmittal emails, lacking any legal content, are not protected work product.

      The City also argues that permitting discovery about an on-going criminal prosecution is "contrary to justice and negatively impacts the office." (City's Obj. at 9.) The Court acknowledges the important precepts that underlie the work product doctrine, which are fundamental to our system of justice. As the U.S. Supreme Court stated in its seminal opinion recognizing the doctrine, "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." Hickman v. Taylor, 329 U.S. 495, 510–11 (1947). Nonetheless, the Court also acknowledged that "relevant and non-privileged facts" found in attorneys' files may be subject to production. See id. The information contained in the contested documents here falls into this category. Although the City further notes that "[a] prosecutor is absolutely immune from civil suits for damages for initiating a prosecution and presenting

the State's case," (City's Obj. at 10) (citing Imbler v. Pachtman, 424 U.S. 409, 431 (1976)), that is not at issue here.

In sum, the Court assigns no clear error to the magistrate judge's finding that the City failed to meet its burden of establishing work product protection for the documents in question. While the Court has addressed certain exemplar documents, it has undertaken a thorough review of all of the documents at issue, and but for some limited exceptions, finds that the documents are not protected by the work product doctrine. As to the exceptions, the Court modifies the magistrate judge's ruling with respect to portions of Documents 62, 181, and 712, as identified below:

> In Document 62, at 62-1, in the first paragraph, the fifth sentence (beginning, "If you . . .") is work product. That sentence shall remain redacted. None of the other information in Document 62 is entitled to work product protection, however, and shall be un-redacted and produced.
>
> In Document 181, at 181-1, in the middle email from Judd E. Gushwa to Sarah E. Becker dated April 12, 2016, 3:20 pm, the final sentence (beginning, "I can't . . . ") is work product. It shall remain redacted, but all other information in the document shall be unredacted and produced.
>
> In Document 712, at 712-1, the single sentence in the top email from Susan L. Segal to Timothy S. Skarda, dated Monday, August 8, 2016 at 1:52 pm, is work product and shall remain redacted. All other information in the document is not protected and shall be produced.

Having found that these limited portions of documents are subject to work product protection, the Court sustains in part the City's Objection in this regard. The magistrate judge's Order is affirmed, as modified.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. The City of Minneapolis's Objection [Doc. No. 98] to Magistrate Judge Steven E. Rau's July 17, 2017 Amended Text-Only Order is **OVERRULED in part** and **SUSTAINED in part**;

2. Magistrate Judge Rau's July 17, 2017 Amended Text-Only Order [Doc. No. 97] is **AFFIRMED, AS MODIFIED**.

3. The City shall produce the requested material consistent with the magistrate judge's ruling, within seven (7) days of this order.

Dated:   September 25, 2017

                                          s/Susan Richard Nelson
                                          SUSAN RICHARD NELSON
                                          United States District Court Judge