# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jordan S. Kushner,<br><br>        Plaintiff,<br><br>v.<br><br>Lieutenant Troy Buhta,<br>Officer Ashlee Lange,<br>Officer Kathleen Temple,<br>Sergeant Kristin Tyra,<br>Linda Lokensgard,<br>Eric W. Kaler,<br><br>        Defendants. | Case No. 16-cv-2646 (SRN/SER)<br><br><br><br>**ORDER** |

Jordan S. Kushner, Law Office of Jordan S. Kushner, 431 S. 7th St., Ste. 2446, Minneapolis, MN 55415; Peter J. Nickitas, 431 S. 7th St., Ste. 2446, Minneapolis, MN 55415, for Plaintiff.

Timothy Pramas and Daniel J. Herber, Office of the General Counsel, University of Minnesota, 360 McNamara Alumni Center, 200 Oak St. S.E., Minneapolis, Minnesota 55455, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

      This matter is before the Court on the Motion for Attorney's Fees [Doc. No. 143] and Objections to the Bill of Costs ("Objections") [Doc. No. 168] filed by Plaintiff Jordan S. Kushner. For the reasons set forth below, the motion is denied and the objections are overruled.

I.     DISCUSSION

In his Complaint, Kushner asserted fourteen claims, including several tort claims and claims brought under 42 U.S.C. § 1983 for violations of his constitutional rights. (*See* Compl. [Doc. No. 1].) The claims related to Kushner's removal from a November 2015 University of Minnesota Law School lecture, his subsequent arrest, and the issuance of a trespass warning. Defendants are employees of the University of Minnesota ("the University"). (*See id.* ¶¶ 16–97.) The trespass warning prohibited Kushner from entering any University facilities or properties located on the west bank of the Minneapolis campus for a one-year period. (*See id.* ¶¶ 2, 4, 68–69, 76, 86, 90–96.) While Kushner initially sought injunctive relief with respect to the trespass warning, (*see* Pl.'s Mot. for Prelim. Inj. [Doc. No. 13]), the University ultimately vacated it prior to its expiration, and the parties filed a stipulation concerning the terminated trespass warning in September 2016. (Stip. at 2 [Doc. No. 32].) The Court issued an Order adopting the parties' stipulation and denying as moot Plaintiff's motion for injunctive relief (the "Order Adopting the Stipulation"). (Sept. 28, 2016 [Doc. No. 35].)

The case proceeded through discovery to summary judgment. On April 18, 2018, the Court granted Defendants' Motion for Summary Judgment and dismissed Kushner's Complaint with prejudice. (Sealed Summ. J. Order [Doc. No. 140].) On May 8, 2018, Defendants filed a Bill of Costs [Doc. No. 142], to which Kushner objected [Doc. No. 148]. The following day, May 9, 2018, Kushner filed the instant motion, seeking attorney's fees.

The Clerk of Court entered a Cost Judgment [Doc. No. 167] on October 19, 2018, taxing $3,549.15 in costs against Kushner and in favor of Defendants. Kushner sought review of the Clerk's action in his Objections, presently before the Court, and Defendants filed a response [Doc. No. 169].

In his Motion for Attorney's Fees, Kushner acknowledges that his motion was filed six days after the filing deadline, but asks that the Court consider it on grounds of excusable neglect. (Pl.'s Mem. Supp. Mot. for Atty's Fees at 1–2 ("Pl.'s Atty's Fees Mem.") [Doc. No. 144].) He argues that he is entitled to attorney's fees as the prevailing party for the portion of legal representation that resulted in the termination of the trespass warning. (*Id.* at 3–6.) He contends that the only reason the University agreed to lift the trespass warning was due to this lawsuit. (*Id.*) Kushner asserts that he prevailed in this regard because the Court ordered a change in the parties' relationship by approving the parties' stipulation to remove the trespass warning. (*Id.*) Pursuant to 42 U.S.C. § 1988, he seeks $30,058.80 in attorney's fees and $418.60 costs. (*Id.*)

Similarly, in his Objections to the Bill of Costs, Kushner argues that he was the prevailing party in this litigation and should not be taxed with costs. (Objs. at 1–2.) In the alternative, he requests that the Court stay costs pending appeal. (*Id.* at 6–9.)

Defendants oppose Kushner's fee petition and his Objections to the Bill of Costs. They assert that the Court need not consider the merits of the fee petition because it was untimely filed and Kushner fails to demonstrate excusable neglect. (Def.'s Opp'n to Atty's Fees at 2–4 [Doc. No. 157].) If the Court considers the merits of Kushner's fee petition,

Defendants argue that he was not a prevailing party, as the University voluntarily lifted the trespass warning. (*Id.* at 6–7.) Moreover, Defendants contend that the Court ultimately dismissed the due process claim on which Kushner based his claim for injunctive relief. (*Id.* at 7.) Finally, Defendants argue that even if Kushner were a prevailing party entitled to attorney's fees, he is not entitled to any reimbursement for his own time working on the case, and many of his billing entries are too vague to assess their validity. (*Id.* at 7–8.)

With respect to Kushner's Objections to the Bill of Costs, Defendants argue that Kushner was not the prevailing party and the costs in question bear no relationship to the stipulation to terminate the trespass warning. (Defs.' Resp. to Objs. at 2–3 [Doc. No. 169].) Defendants also oppose Plaintiff's request in the alternative for a stay, arguing that it is procedurally improper and substantively unsupported. (*Id.* at 7–8.)

## II. DISCUSSION

### A. Attorney's Fees

Under Federal Rule of Civil Procedure 54, a party seeking attorney's fees and costs must petition the court no later than 14 days after entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(i). Judgment in this case was entered on April 19, 2018 [Doc. No. 141], making a motion for attorney's fees due by May 3, 2018. Kushner acknowledges that his fee petition was due on that date, but he belatedly filed it six days later, on May 9, 2018. Nevertheless, he requests that the Court consider his petition on grounds of "excusable neglect." (Pl.'s Atty's Fees Mem. at 1.) When evaluating claims of excusable neglect, courts consider the following factors: "(1) potential prejudice to the nonmoving party; (2)

4

the length of the delay and the impact of the delay on the proceedings; (3) the moving party's explanation for the delay, including whether the delay was within the moving party's reasonable control; and (4) whether the moving party acted in good faith." *Marquette Bus. Credit, Inc. v. Gleason*, 14-CV-00354 (MJD-LIB), 2015 WL 5836323, at *4 (D. Minn. Oct. 6, 2015) (citing *Sugarbaker v. SSM Health Care,* 187 F.3d 853, 856 (8th Cir. 1999)).

Plaintiff claims that he misunderstood the deadline and was busy with other proceedings. (Pl.'s Atty's Fees Mem. at 2.) While the reason for the delay was within Kushner's reasonable control, it appears to have occurred due to an inadvertent error. Defendants were not prejudiced by the delay, the delay was for a relatively short period of time and did not prejudice the proceedings, and there was no bad faith on Kushner's part. Accordingly, the Court will excuse Plaintiff's six-day delay in filing the motion and consider the merits of his request. *See Sugarbaker*, 187 F.3d at 856 (excusing one-day delay due to miscalculation of deadline for the filing of attorney's fee petition); *Marquette Bus. Credit, Inc.*, 2015 WL 5836323, at *3–4 (finding excusable neglect where fee petition was filed 15 days late due to counsel's consultation with outdated rule); *but see Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 462 (8th Cir. 2000) (finding no excusable neglect where plaintiff filed her notice of appeal one week late, claiming an incorrect calculation of the deadline).

Under 42 U.S.C. § 1988, a prevailing party in a § 1983 action may petition the court for an award of reasonable attorney's fees and costs. In general, a prevailing party under

this statute "must obtain at least some relief on the merits of his claim." *North Dakota v. Lange*, 900 F.3d 565, 568 (8th Cir. 2018) (citing *Farrar v. Hobby*, 506 U.S. 103, 109 (1992) (citation and internal quotation marks omitted)). Elaborating on this standard, the Supreme Court has held that "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar*, 506 U.S. at 111–12. For example, a judgment on the merits and court-ordered consent decrees can create the requisite material alternation of the legal relationship. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001).

As noted, Kushner contends that he was the prevailing party because he "successfully nullified the Trespass Order by stipulation with the Defendants" and by the "enforcement of the Stipulation[,] by Order of this Court." (Pl.'s Atty's Fees Mem. at 3.) The Court disagrees.

More than 10 days prior to the filing of the stipulation, the University confirmed, on September 15, 2016, that it had voluntarily vacated the remaining term of the trespass warning. (Sept. 15, 2016 Letter [Doc. No. 30].) The stipulation filed on September 27, 2016 merely provided further confirmation. The Court's Order Adopting the Stipulation verified the removal of the trespass warning, which rendered moot Plaintiff's motion for injunctive relief, prompting the Court to cancel the hearing on that motion. (Sept. 28, 2016 Order at 1.)

The Order Adopting the Stipulation did not alter the parties' legal relationship. Rather, the University itself—which is not a named party to this action—voluntarily lifted the trespass warning. "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change [in the parties' relationship]." *Buckhannon*, 532 U.S. at 605 (emphasis in original). To the extent that Kushner argues, even more broadly, that he was required to file suit in order to effect a change in the parties' relationship, the Supreme Court has rejected any such "catalyst theory" for obtaining prevailing party status. *Id.*

Rather, the record here reflects that Kushner did not obtain a judgment on the merits or a court-ordered consent decree. Nor did he obtain a preliminary injunction. *See Sole v. Wyner*, 551 U.S. 74, 83 (2007) (stating that "prevailing party status . . . does not attend achievement of a preliminary injunction that is reversed, dissolved, or otherwise undone by the final decision in the same case.") Instead, the University voluntarily removed the trespass warning. The Court later granted summary judgment in Defendants' favor, including on Plaintiff's due process claim—the claim underlying Plaintiff's challenge to the trespass warning. (Sealed Summ. J. Order at 28–29.) Defendants were the prevailing party.

For all of the foregoing reasons, the Court therefore finds that Kushner was not a prevailing party and is not entitled to an award of attorney's fees. His motion is denied.

### B. Objections to Bill of Costs

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). As noted, in April 2018, the Court granted Defendants' summary judgment motion, dismissing all of Plaintiff's claims. (Sealed Summ. J. Order at 42.) Again, Defendants are the prevailing party in this action. Moreover, as Defendants note, even if the Court agreed that Kushner had partially prevailed with respect to the 2016 stipulation, the costs that the Clerk of Court assessed against Plaintiff were incurred in 2017 for discovery and summary judgment, and bear no relation to the stipulation. (*See* Def.'s Ex. 1 to Bill of Costs [Doc. No. 142-1].) Defendants are entitled to the award of costs and Plaintiff's Objections to the award are overruled.

In the alternative, Plaintiff requests that the Court stay the award of costs pending appeal. (Objs. at 6–7). He asserts that this case raised close legal questions and substantial evidence supports his position. (*Id.*) As a solo practice civil rights attorney, he contends that if the Court denies a stay, he will be harmed by having to pay costs that may not ultimately be required. (*Id.* at 8.) In contrast, he argues, Defendants will not be harmed if the Court grants a stay. (*Id.*)

Again, Rule 54(d) contemplates an award of costs to the prevailing party, absent a rule to the contrary. Fed. R. Civ. P. 54(d)(1). The Local Rules of this Court do not prohibit the taxation of costs pending appeal, and were specifically amended in 2009 to "change the past practice of the Clerk of Court not to tax costs until all applicable appeal periods have

expired." 2009 Advisory Comm.'s Note to L.R. 54.3. Consistent with this approach, the Eighth Circuit has affirmed costs awarded during a pending appeal, noting that no authority prohibits such an award. *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 930 (8th Cir. 2011).

When deciding whether to issue a stay pending appeal, this Court has considered several factors, including judicial economy, whether the movant demonstrates a strong showing of success on appeal, whether the movant will suffer irreparable injury absent a stay, and whether a stay harms the public interest. *See Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.*, 15-cv-3183 (ADM/LIB), 2019 WL 1058241, at *2 (D. Minn. Mar. 6, 2019) (citing *Waine-Golston v. Time Warner Entm't-Advance/New House P'ship*, No. 11cv1057, 2013 WL 1899928, at *1 (S.D. Cal. May 7, 2013)). The Court finds that judicial economy is best served by taxing costs at this time. As our sister court in the District of Nebraska has stated, "The possibility that the underlying judgment might be reversed, with the result that the award of costs must also be reversed, is simply too speculative to outweigh the benefit of the trial court conducting a review of the bill of costs while the case is still fresh." *Prism Techs., LLC v. McAfee, Inc.*, Civ. No. 10-220, 2013 WL 571789, at *2 (D. Neb. Feb. 13, 2013) (denying motion to stay and quoting *Maytag Corp. v. Electrolux Home Prods.*, 2006 U.S. Dist. LEXIS 89383, at *7 (N.D. Iowa Dec. 11, 2006)).

Plaintiff has not made a strong showing that he will succeed on appeal. He states that in addition to the close legal question raised in this case, there is

> substantial evidentiary support for his position in the record which the Court did not properly consider when deciding the motion for summary judgment.

> This includes substantial evidence from audio recordings and witness testimony that Defendants' explanations for their actions which the Court accepted when considering the summary judgment motion were false.

(Pl's Objs. at 7.) But, as Defendants note, "[t]he possibility of reversal exists in any appeal. (Defs.' Resp. to Objs. at 7.) The Court did not find this to be a close case, but in considering the summary judgment motion, it carefully reviewed several different video recordings submitted by both parties. (*See* Sealed Summ. J. Order at 5 n.2, 8–9, 12–15.) However, even viewing the evidence in the light most favorable to Kushner, the Court found no genuine issues of material fact with respect to any of Kushner's claims, such that Defendants were entitled to judgment as a matter of law. Moreover, in his Objections, Plaintiff fails to identify the evidence to which he refers.

Plaintiff also argues that as a civil rights solo practitioner, he takes on many cases based on public interest, rather than economic reward. (Objs. at 8.) He characterizes the imposition of costs here as financially ruinous, and asserts that such an award in this case, in which the state and City of Minneapolis dismissed all criminal charges against him, "rewards vendetta prosecution and communicates a chilling message to the public and civil rights lawyers." (*Id.* at 6.)

While the Court appreciates that Plaintiff is a solo practitioner who often takes on public interest work, the Eighth Circuit has upheld the award of costs under Rule 54(d) in cases in which the district court considered claims of economic hardship and financial disparities between the parties. *See In re Derailment Cases*, 417 F.3d 840, 844–45 (8th Cir. 2005) (citing cases in which costs were awarded to federal law enforcement officers

against indigent prisoners and to a major corporation against an individual plaintiff with "limited financial resources."). The Court recognizes that Kushner is an individual plaintiff, whereas Defendants are represented by a large University, albeit a publicly-funded one. But Kushner does not submit evidence of an inability to pay the award. Nor has he offered any assurance that he will later have the ability to pay the $3,549.15 award, if the Court were to grant a stay.

The Court is also unpersuaded by Kushner's arguments concerning vindictive prosecution and the possible chilling effect on the work of other civil rights attorneys. In the summary judgment ruling, the Court determined that Defendants had probable cause to arrest Kushner, and his malicious prosecution claim failed as a matter of law. (Sealed Summ. J. Order at 39.) There was no vindictive prosecution. Rather, the Court finds that the public interest will be served by taxing the award of costs at this time and preserving the interest of judicial economy.

For all of these reasons, Plaintiff's Objections are overruled.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion for Attorney's Fees [Doc. No. 143] is **DENIED**; and

2. Plaintiff's Objections [Doc. No. 168] to the Bill of Costs are **OVERRULED**.

Dated: March 29, 2019             s/Susan Richard Nelson
                                              SUSAN RICHARD NELSON
                                              United States District Judge