# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jordan S. Kushner,<br><br>             Plaintiff,<br><br>v.<br><br>Lieutenant Troy Buhta,<br>Officer Ashlee Lange,<br>Officer Kathleen Temple,<br>Sergeant Kristin Tyra,<br>Linda Lokensgard,<br>Eric W. Kaler,<br><br>             Defendants. | Case No. 16-cv-2646 (SRN/SER)<br><br><br><br>**ORDER** |

Jordan S. Kushner, Law Office of Jordan S. Kushner, 431 S. 7th St., Ste. 2446, Minneapolis, MN 55415; Peter J. Nickitas, 431 S. 7th St., Ste. 2446, Minneapolis, MN 55415, for Plaintiff.

Timothy Pramas and Daniel J. Herber, Office of the General Counsel, University of Minnesota, 360 McNamara Alumni Center, 200 Oak St. S.E., Minneapolis, Minnesota 55455, for Defendants.

---

SUSAN RICHARD NELSON, United States District Judge

       This matter is before the Court on the Motion for Review of Taxation of Costs [Doc. No. 178] filed by Plaintiff Jordan S. Kushner. For the reasons set forth below, the motion is granted in part and denied in part.

       On April 18, 2018, the Court granted Defendants' Motion for Summary Judgment and dismissed Kushner's Complaint with prejudice. (Sealed Summ. J. Order [Doc. No.

140].)  Kushner appealed to the Eighth Circuit Court of Appeals, which affirmed this Court's ruling.  (*See* 8th Cir. J. [Doc. No. 172].)

Thereafter, Defendants filed a Bill of Costs with this Court, seeking $434.05 in taxable costs from Plaintiff associated with his unsuccessful appeal.  (Defs.' Appellate Bill of Costs [Doc. No. 173] at 1.)  The total included $354.05 in transcript fees for the August 10, 2017 hearing on Plaintiff's motion for punitive damages, and the November 15, 2017 summary judgment hearing.  (*Id.* at 2.)  On September 16, 2019, the Clerk of Court issued a Cost Judgment, disallowing $80 in claimed costs, and allowing $354.05—arising from the transcript fees—in total taxable costs.  (Cost J. [Doc. No. 177].)

Kushner seeks review of the Cost Judgment, arguing that neither of the transcript fees were taxable costs.  He asserts that punitive damages were not at issue on appeal, and as to summary judgment, "no evidence was presented at the hearing and so nothing presented at that hearing was necessary for the appeal. . . ."  (Pl.'s Mot. for Review at 2.) In response, Defendants waive the $87.60 in costs for the transcript of the punitive damages hearing, but ask the Court to affirm the remaining amount, $266.45, for the summary judgment hearing transcript.

## I.    DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) provides that "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  A list of taxable costs is found in 28 U.S.C. § 1920, and includes "[f]ees for printed or electronically recorded transcripts necessarily obtained

for use in the case." 28 U.S.C. § 1920(2). After the Clerk of Court awards taxable costs, the party against whom costs are taxed may move for review of the clerk's decision within 14 days. L.R. D. Minn. 54.3(c)(3)(A). Plaintiff has timely sought review.

As Defendants note, Plaintiff cites no authority for the proposition that *evidence* must be presented at a hearing in order for costs to be awarded for the preparation of the hearing transcript. (Defs.' Opp'n [Doc. No. 179] at 3.) This Court has awarded costs for the preparation of summary judgment transcripts. *See, e.g., Lynch v. City of Minneapolis*, No. 14-cv-4673 (PJS/JSM), 2016 WL 4357497, at *3 (D. Minn. Aug. 15, 2016) (awarding costs for summary judgment transcript that would have been helpful to settlement conference); *E.E.O.C. v. Hibbing Taconite Co.*, No. 09-cv-729 (RHK/LIB), 2010 WL 4237318, at *3 (D. Minn. Oct. 21, 2010) (awarding costs for summary judgment transcript); *Flint Hills Res. LP v. Lovegreen Turbine Servs., Inc.*, No. 04-cv-4699 JRT/FLN, 2008 WL 4527816, at *13 (D. Minn. Sept. 29, 2008) (awarding costs for summary judgment transcript in connection with subsequent motion for judgment as a matter of law).

Moreover, the Eighth Circuit has affirmed the award of costs for transcripts, even when the transcript was not actually used in another proceeding, but rather, was "obtained for use," as § 1920 provides. *See Smith v. Tenet Healthsys. SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006) (stating that even if a deposition transcript was not introduced at trial, district court had the discretion to award costs if the deposition transcript was "necessarily obtained for use in a case and was not purely investigative."); *Zotos v. Lindbergh Sch. Dist.*,

121 F.3d 356, 363 (8th Cir. 1997) (affirming award of costs for two deposition transcripts that the district court did not rely upon in ruling on summary judgment, stating, "'[T]he determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use.' In other words, the 'underlying inquiry is whether the depositions reasonably seemed necessary at the time they were taken.'")

The Court finds that the summary judgment transcript reasonably seemed necessary to Defendants for use on Plaintiff's appeal, in light of the facts known to Defendants at the time. As they note, in the Court's summary judgment ruling, which Kushner appealed, the Court stated, "Kushner concedes that his claims against President Kaler and Officer Buhta in their official capacities are moot now that the Trespass Order has been lifted, so the Court will not consider those claims."[1] (April 18, 2018 Order [Doc. No. 140] at 19–20.) Kushner did not make this concession in his opposition memorandum to Defendants' summary judgment motion. (*See* Pl.'s Opp'n Mem. to Summ. J. [Doc. No. 125] at 41–42.) Rather, as Defendants note, he made that concession at the November 15, 2017 summary judgment motion hearing, as the transcript, filed in July 2018, reflects:

> THE COURT: Let's look at some of the other claims for a moment and see whether they should survive. The official capacity claim against the President?
>
> MR. KUSHNER: That's—the official capacity claims against the President and Lieutenant Buhta are moot. The University agreed to injunctive relief—

---

[1] At the time of the Court's summary judgment ruling in April 2018, because the official hearing transcript was not in the record, the Court did not provide a citation for its observation of Plaintiff's concession.

4

THE COURT: So you agree they can be dismissed?

MR. KUSHNER: Yes.

THE COURT: Okay.

MR. KUSHNER: Yes. So Buhta, of course, is still in in his individual capacity. Kaler was only sued in his official capacity, so he's no longer a necessary Defendant. I think the proper determination is that the official capacity claims are moot.

(Nov. 15, 2017 Hr'g Tr. [Doc. No. 165] at 51–52.)

In Kushner's Statement of Issues on Appeal to the Eighth Circuit, he included University of Minnesota President Kaler among the appellees, and in describing his seven grounds of appeal, he generally referred to "the appellees," without excluding Kaler from that group. (*See* Stmt. of Issues [Doc. No. 178 at 3–6].) The Court therefore agrees with Defendants that when they ordered the transcript of the summary judgment hearing for their use in responding to Kushner's appeal, "Plaintiff's concession (recorded only in the transcript of the summary judgment hearing), was, for example, evidence (arguably the only record evidence) that Plaintiff had abandoned his claims against Defendant Kaler." (Def.'s Opp'n at 5.) And even aside from whether the transcript is properly considered "evidence," these circumstances demonstrate that it was "necessarily obtained for use in the case." *See* 28 U.S.C. § 1920(2). Accordingly, the Court finds that it was properly subject to taxation against Plaintiff pursuant to Rule 54(d).

For all of these reasons, the Court grants Kushner's motion in part, as to the removal of the $87.60 transcript fee (for the August 10, 2017 hearing on punitive damages) from

the award of taxable costs, and denies it in part, as to the remaining $266.45 transcript fee

(for the November 15, 2017 summary judgment hearing).

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  Plaintiff's Motion for Review of Cost Judgment [Doc. No. 178] is **GRANTED in part** and **DENIED in part**, as set forth herein; and

2.  The Clerk of Court is directed to amend the Cost Judgment [Doc. No. 177] reflecting allowed costs in the amount of $266.45 for "Fees for transcripts." The total award is $266.45.

Dated:  November 1, 2019            s/Susan Richard Nelson
                                              SUSAN RICHARD NELSON
                                              United States District Judge